# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 20-1489

———————————————————

Maria Towery

*Plaintiff - Appellant*

v.

Mississippi County Arkansas Economic Opportunity Commission, Inc.

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Northern

——————————

Submitted: January 13, 2021
Filed: June 10, 2021

——————————

Before LOKEN, GRASZ, and KOBES, Circuit Judges.

——————————

KOBES, Circuit Judge.

Maria Towery claims Mississippi County, Arkansas, Economic Opportunity Commission discriminated against her in violation of Title VII, 42 U.S.C. § 2000e *et seq.* We affirm the district court's[1] grant of summary judgment to the Commission.

———————————————

[1]The Honorable D.P. Marshall, Jr., United States District Judge for the Eastern District of Arkansas.

I.

The Commission is a non-profit in Blytheville, Arkansas that provides community-based services with the goal of alleviating poverty and assisting low-income people and families. Towery, a naturalized citizen from Mexico, started working for the Commission in 1997 and was the Healthy Start Program Director from 1998 until she was fired in June 2017. As the Program Director, Towery supervised seven Healthy Start employees. She was also required to file monthly, quarterly, and annual reports with the United States Health Resources & Services Administration (HRSA) Electronic Handbook. Towery was the only Commission employee who was trained and had password access to the program.

Towery was first supervised by Samuel Scruggs. Towery says that she had no demerits or complaints regarding her workplace demeanor or work performance during Scruggs's tenure. Later, Priscilla Johnson and Lavelle Wells became the Commission's co-interim Executive Directors. Johnson was Towery's immediate supervisor. In case of an unforeseen absence, Johnson and Wells asked all Commission employees to disclose their program passwords. Towery refused.

In April 2017, Towery swore at Johnson during a confrontation about an employee's request to transfer. Johnson suspended Towery for two weeks without pay. Towery also failed to provide details about her contacts with the federal program.

During Towery's suspension, several employees submitted complaints about Towery for intimidation, harassment, and other Commission policy violations. The Commission gave Towery a chance to respond, but she did not. She was put on ninety days of probation and asked to complete several tasks, including providing her password for the HRSA program. Towery says she did not want to disclose her password because she was afraid "someone would change her reports," which were

"entries regarding HRSA for which she was personally responsible." Towery Br. 15. Towery asked her HRSA contact if she was required to share the password, and she was told it was within her discretion. Towery again refused to give Johnson the password and filed a charge of discrimination with the Equal Employment Opportunity Commission.

In June, Johnson asked for Towery's password again, and Towery once again refused. On June 5, Towery was fired "due to failure to comply with requests to provide company passwords to Agency programs and documents." Commission Br. 10 (cleaned up). Towery later filed a second charge of discrimination with the EEOC and filed suit for, among other things, race and national origin discrimination and retaliation.

The district court dismissed all of Towery's claims except for race and national origin discrimination and retaliation. The district court then granted summary judgment to the Commission. Towery appeals.

## II.

We review a district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Roebuck v. USAble Life*, 992 F.3d 732, 735 (8th Cir. 2021). "Summary judgment is properly granted when 'there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.'" *Doe v. Univ. of St. Thomas*, 972 F.3d 1014, 1016 (8th Cir. 2020) (citation omitted).

Towery argues her suspension, probation, and termination were discrimination based on race and national origin.[2] On a claim for employment discrimination, a plaintiff may defeat a motion for summary judgment by direct or circumstantial evidence that "establishes a genuine issue of [material] fact regarding an unlawful motivation for [an] adverse employment action." *Strate v. Midwest Bankcentre, Inc.*, 398 F.3d 1011, 1018 (8th Cir. 2005). "[D]irect evidence is evidence 'showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated' the adverse employment action." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1044 (8th Cir. 2011) (citation omitted). If the plaintiff fails to show evidence "that clearly points to the presence of an illegal motive, [she] must avoid summary judgment by creating the requisite inference of unlawful discrimination through the *McDonnell Douglas* analysis, including sufficient evidence of pretext." *St. Martin v. City of St. Paul*, 680 F.3d 1027, 1033 (8th Cir. 2012) (citation omitted).

Towery claims that there is direct evidence that the Commission fired her for an illegal reason. She points to Miriam Peterson, another Hispanic woman who was fired after allegations of insubordination, foul language, and failure to provide password access to the HRSA program. But that is not direct evidence of discrimination. Towery fails to show us that the Commission had a discriminatory animus in firing Peterson. Nor does she show how Peterson's termination is a "specific link" between her firing and an unlawful reason for her termination. Nothing about Peterson's termination "clearly points to the presence of an illegal motive" in Towery's case.

---

[2]Towery made claims for both discrimination and retaliation. On appeal, she concedes that "her termination was not in retaliation but was further an act of discrimination" and so her only remaining claim is for discrimination based on race and national origin. Towery Reply Br. 18.

Because Towery does not show direct evidence of discrimination, she must provide circumstantial evidence that could create the inference of unlawful discrimination. But she does not do that either. Towery did not plead a prima facie case of discrimination relying on indirect evidence. The district court decided that even if she had, she failed to provide sufficient evidence of pretext or a comparator. Towery also did not argue that she could satisfy the *McDonnell Douglas* burden-shifting framework in her opening brief. While she did in her Reply, "we do not generally consider new arguments raised in a reply brief." *United States v. Morris*, 723 F.3d 934, 942 (8th Cir. 2013) (citation omitted). Because Towery did not show evidence of pretext or that she could satisfy the *McDonnell Douglas* burden-shifting framework before the district court or in her opening brief, she cannot prove a circumstantial case of discrimination.

## III.

We affirm the district court's grant of summary judgment to the Commission.

_____